IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   SARAH LAPORTE, | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-208-D |
| | ) | |
| (1)   WAL-MART, a foreign, for-profit business corporation, | ) ) | |
| | ) | |
|         Defendant. | ) | |

## COMPLAINT

Plaintiff Sarah LaPorte ("Plaintiff"), for his causes of action against Defendant Wal-Mart ("Defendant"), alleges and states:

### The Parties

1. At all relevant times, Plaintiff was and now is a resident of the City of Purcell, McClain County, State of Oklahoma.

2. At all relevant times, Defendant was, and now is, a foreign, for-profit corporation who conducts business in many different places in Oklahoma, including in the City of Purcell.

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b).

## Fact Allegations

5. Plaintiff was hired in February 2015 as a Sales Associate. She soon received a promotion in pay and worked in the Deli.

6. Plaintiff reported to Fernando Morales ("Morales"), Department Manager.

7. During the time that Plaintiff under Morales' supervision, he sexually harassed her. Specifically, Morales used inappropriate sexual comments, propositioned Plaintiff, and attempted physical contact with Plaintiff.

8. Plaintiff reported this harassing and inappropriate behavior to Tracy Brewer ("Brewer"), Assistant Manager. She simply told Plaintiff to inform her if it continued.

9. When Plaintiff continued to reject Morales, he said he thought it would be funny if he "coached" Plaintiff, so that she would not be eligible for her next promotion.

10. On or about May 11, 2015, Plaintiff was sexually assaulted by Morales when he closed the deli cooler door with both of them inside and asked Plaintiff if it would be inappropriate if he kissed her. Plaintiff told him that it would be inappropriate and tried to get away from Morales. However, Morales said that he would not let Plaintiff out unless Plaintiff kissed him. Then, he forcefully pulled Plaintiff towards him and tried to kiss her while putting his hands down Plaintiff's shirt, touching her breasts.

11. As soon as Plaintiff could, she pulled free and escaped the area. Plaintiff reported this inappropriate behavior to Brewer and Adam English ("English"), Store Manager. Plaintiff also reported the assault to the local police.

12. Plaintiff was told that a "red book investigation" was allegedly going to be completed, but she was informed that she would have to continue to work with and under Morales during the time of the investigation.

13. A few weeks later, Plaintiff was told by English that there was no physical evidence to support her complaint. Plaintiff was given the option that she could switch departments away from Morales, which would result in her receiving a pay cut, or she could continue to work under Morales.

14. Plaintiff chose to be transferred to another department and was paid $.30/hour less for her work.

15. After her transfer, Morales continued to talk about the incident all around the store, although Plaintiff was told not to discuss the incident. He also stared at Plaintiff when he saw her at different parts of the store.

16. In early June 2015, Plaintiff was attempting to pass through the door to the break area, when Morales blocked Plaintiff's way and refused to move. Plaintiff was forced to move aside and squeeze by him to get away.

17. Plaintiff filed her Charge of Discrimination on June 22, 2015.

18. Morales continued to harass Plaintiff after she complained, and he further harassed other female employees before and since Plaintiff's complaint.

19. Defendant failed to take any action against Morales for his sexual harassment, and instead punished Plaintiff for reporting about it and for filing a charge of discrimination.

20. Because Plaintiff could not continue to work in the same store as Morales, where she was forced to continue to have to deal with his continued harassment, she constructively discharged her employment in or around early July 2015.

21. Plaintiff received her Notice of Right to Sue on or around December 8, 2015.

22. Plaintiff filed a second Charge of Discrimination for retaliation on or around January 5, 2015, and received her Notice of Right to Sue for that charge on or around January 28, 2016.

### FIRST CAUSE OF ACTION – VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, FOR SEXUAL HARASSMENT AND GENDER DISCRIMINATION

23. Plaintiff incorporate by reference paragraphs 1 through 22 as though set forth in full herein.

24. At all relevant times, Plaintiff is a female, and a member of a class protected by Title VII of the 1964 Civil Rights Act, as amended.

25. Defendant was, and now is an "employer" within the meaning of Title VII of the 1964 Civil Rights Act, as amended, and did and now does employ more than 15 persons.

26. Plaintiff was harassed because of her gender.  Moreover, Plaintiff's gender was a motivating and significant factor in the hostile work environment she experienced which led to her constructive discharge.

27. Defendant created a hostile work environment for Plaintiff as a result of the severe and pervasive sexual environment and its failure to correct the behavior of its employees in developing and fostering that hostile environment towards women.

28. As a direct and proximate result of Defendant's discriminatory treatment and actions herein above alleged in violation of Title VII of the 1964 Civil Rights Act, as amended, Plaintiff has suffered, and is now suffering, and will continue to suffer, irreparable injury and economic loss, as well as damages for emotional distress, mental anguish, embarrassment, humiliation, and loss of enjoyment of life.  Plaintiff seeks all of the relief afforded by Title VII of the 1964 Civil Rights Act, as amended.

29. Plaintiff has complied with all of the administrative requirements prior to filing this action, and this action has been filed within ninety (90) days from the issuance of the letter by the Equal Employment Opportunity Commission.

30. Plaintiff further seeks punitive and exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and as determined by the jury at the time of trial.

WHEREFORE, Plaintiff demands and prays against Defendant as follows:

(1) That a judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant in violation of Title VII of the 1964 Civil Rights Act, as amended.

(2) That Defendant be ordered to make Plaintiff whole by providing back pay, front pay, compensation for mental pain and suffering and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to reputation, and loss of enjoyment of life, and any and all other remedies authorized by Title VII of the 1964 Civil Rights Act, as amended, including, but not limited to, punitive damages.

(3) That Defendant is enjoined from discriminating against Plaintiff in any manner that violates Title VII of the 1964 Civil Rights Act, as amended.

(4) That Plaintiff be awarded her costs and expenses of this litigation, including reasonable attorney's fees, and expert witness fees; and

(5) That Plaintiff be granted such other legal and equitable relief as the Court may deem just and proper and in compliance with Title VII of the 1964 Civil Rights Act, as amended, including punitive damages.

### SECOND CAUSE OF ACTION – VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, FOR RETALIATION

31. Plaintiff incorporates by reference herein Paragraphs 1 through 30 as though set forth in full.

32. Plaintiff complained about the sexual harassment and hostile work environment, and ultimately filed a Charge of Discrimination with the EEOC.

33. After she made her complaints, Plaintiff was retaliated against in that she was transferred to another department and received a reduction in pay.

34. Additionally, after she filed the Charge of Discrimination, Defendant continued to protect Morales and ignored Plaintiff's concerns, to the point that Plaintiff was forced to constructively discharge her employment.

35. As a direct result of Defendant's retaliatory actions against Plaintiff, Plaintiff suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to reputation, and lost enjoyment of life, all to her damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

36. Plaintiff further seeks punitive and exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and as determined by the jury at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) For damages in excess of $75,000.00, and as determined by the jury at the time of trial;

(2) For exemplary and punitive damages as determined by the jury at the time of trial;

(3) For her costs; and,

(4) For further and additional relief as the Court deems just and proper.

                BROCKMAN LAW, PLLC

                s/Scott F. Brockman
                Scott F. Brockman, OBA#19416
                10601 S. Western, Suite 117
                Oklahoma City, Oklahoma 73170
                (405) 703-4429
                (405) 703-4499 (fax)
                scott@brockmanlawpllc.com
                ATTORNEY FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEYS' LIEN CLAIMED